STATE, CHRISTOPHER F. STAATS AND JOHN K. HOAGLAND, PROSECUTORS, v. INHABITANTS OF THE BOROUGH OF WASHINGTON, IN THE COUNTY OF WARREN.

1. The act incorporating the borough of Washington gives power to the common council to pass ordinances for the peace and good order of the borough as they may deem expedient. An ordinance prohibiting sales of vinous, spirituous and malt liquors after ten o'clock at night and before four o'clock in the morning, is not an unreasonable exercise of such power in that place.

2. Nor will such an ordinance be adjudged to be faulty because it prohibits such sales by wholesale as well as retail dealers, nor because it prohibits druggists from selling such liquors, during the prohibited hours, for use as a beverage.

3. A municipal corporation empowered to impose penalties for the violation of its ordinances, may distinguish between a first and second offence, and may provide for a heavier penalty for such violations subsequent to the first, provided the penalty in no case exceeds the limit fixed by the act of incorporation.

4. If a common council is authorized to hold special meetings at the call of three members, with such notice as the by-laws may require, and there is brought up by *certiorari* an ordinance, with the minutes of a meeting purporting to be a special meeting called by three members, at which said ordinance appears to have been passed, the presumption, in the absence of proof to the contrary, is that the special meeting was duly called in accordance with the authority given for that purpose.

5. When power is conferred on a municipal corporation to impose pecuniary penalties for violation of ordinances, to be recovered by action of debt before a justice of the peace, an ordinance providing that such a penalty for its violation may be recovered by proceedings before the mayor or a justice of the peace is faulty; to the extent that authority is given to proceed before the mayor, the ordinance is bad; but the part thus unlawfully enacted, being independent and separable from the remainder, and the proceeding before a justice of the peace thereby provided being within the power conferred and furnishing a complete mode of enforcing the penalty, the ordinance will not be set aside.

On *certiorari*.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the prosecutors, *A. C. Smith.*

For the defendant, *O. Jeffery.*

The opinion of the court was delivered by

MAGIE, J.   This writ brings up for review an ordinance of the borough of Washington, adopted December 26th, 1882, and entitled "An ordinance concerning inns and taverns and dealers in spirituous and malt liquors," and the proceedings of the borough in adopting the same.

The borough of Washington is incorporated by an act entitled "An act to incorporate Washington, in the county of Warren, State of New Jersey, into a borough or town corporate," approved February 2d, 1868.   *Pamph. L., p.* 76.

Under authority thereby given, each of the prosecutors was licensed by the common council of the borough to keep an inn or tavern therein.   Their licenses were still in force at the passage of the ordinance.

The ordinance in question prohibits the sale of intoxicating liquors such as prosecutors are, by their licenses, authorized to sell, at any time after ten o'clock in the evening and before four o'clock in the morning of each day.   It provides that any person violating the ordinance shall, on conviction thereof before the mayor or any justice of the peace of the borough, forfeit and pay $25 and costs of prosecution, and for each subsequent offence $50 and costs of prosecution.   It further provides that the ordinance shall apply to the owner or proprietor of any shop, &c., who shall direct or permit a violation of the ordinance there.

This ordinance being adapted to affect the licensed business of prosecutors, and there being evidence in the case that it has, in fact, affected it, they are entitled to the judgment of the court upon the validity of the ordinance in advance of any proceeding for a violation thereof.   This was adjudged in a case in this court wherein prosecutors removed here an ordinance of this borough of similar character.   *Staats* v. *Washington,* 15 *Vroom* 605.

The first objection made to the ordinance in this case is that it is not within the power of the common council of the borough to thus limit the sales which the prosecutors had been licensed to make. This point was raised in the case above referred to. It was then held by this court that an ordinance reasonably restricting the hours of sale of such liquors could be adopted under the power contained in this charter to pass by-laws and ordinances for the peace and good order of the borough, although such ordinance restricted sales by persons previously licensed. *Staats* v. *Washington, supra.* This adjudication disposes of the objection now made.

The second objection is that the ordinance is unreasonable. In support of this contention it is shown that Washington contains two thousand seven hundred inhabitants; that travelers arriving there by the last evening train reach the inns of prosecutors a little before ten o'clock, and that the effect of closing prosecutors' bars at that hour rather than at eleven o'clock, when they usually close, is to diminish prosecutors' profits to the extent, on some nights, of $10 or $15 each.

When an ordinance is objected to as unreasonable, it is for the court to determine its validity. In considering the question, all the circumstances of the municipal corporation for which the ordinance is intended ought to be taken into account.

The ordinance in question has been adopted by the common council of the borough under the power conferred on them, to preserve the peace and good order of the community. The possession of this power imposes on them a responsibility and entitles them to use a discretion in its exercise. With the mode of using this discretion the court ought not lightly to interfere. To justify interference, it must appear that the discretion has been unreasonably exercised to the injury of public or private rights.

Looking at the facts shown by the evidence and the agreement of counsel, I think there is no ground to conclude that this ordinance is an unreasonable exercise of the discretion of

this common council responsible for the peace of the borough, whose chosen officers they are. The ordinance prohibits the sale only during certain hours of the night. No contention is made that it is unreasonable to prohibit the sale before four o'clock in the morning. The strife is respecting the hour of closing in the evening. This restriction is evidently aimed to discourage and prevent the use of these and other bars for tippling and drunkenness rather than for refreshment for travelers for whose comfort the inns are licensed. That the restriction would affect the convenience of travelers does not clearly appear; but if so, it is clearly not to a great extent. If the common council, with these facts, have judged that such a slight interference with traveling convenience was required for the peace of the community, I find nothing to justify me in overruling their judgment. Ordinances prohibiting the keeping open of saloons, &c., after such an hour of night have been held to be properly passed under such powers. *Dill. on Mun. Corp.*, § 333, *and cases.*

That the ordinance tends to so greatly diminish prosecutors' profits is not a ground for imputing unreasonableness to it. Prosecutors hold their property and their right to sell it subject to the police power of this municipality, which may reasonably restrict an injurious use of it detrimental to good order. It may be added that the large sales which may be inferred from the admitted loss of profits from a prohibition of sales after ten o'clock, in this small community, with the limited number of travelers said to frequent their inns, seems to show that this ordinance was not unreasonable.

It is next contended that the ordinance is faulty in that its provisions will apply to wholesale dealers in liquors, and druggists.

This objection is not available to prosecutors, who are neither wholesale dealers in liquors nor druggists. But if available, it is of no force. The ordinance is directed against the sale, &c., of liquors to be used as a beverage. If so, a sale by a druggist for medicine would not be affected. As to wholesale dealers, it is impossible to perceive why a restriction

of this kind, intended for the preservation of peace and good order, cannot be and ought not to be imposed on those who sell by the quantity as well as those who sell by the glass.

It is further objected that the ordinance is made to apply to owners and proprietors of shops and places where the sale, &c., is made, though the sale may be actually made by a tenant or agent. This objection is founded on a misconception of the ordinance. Such persons are made liable to the penalties of the ordinance only when they direct or permit a violation thereof.

The ordinance is also attacked because it affixes two penalties to the violation of it; one, a general penalty; another and a higher penalty for a second offence.

The act of incorporation, by section 8, gives power to the common council to enforce the by-laws and ordinances by enacting penalties for the violation thereof, either by imprisonment not exceeding seven days or by fine not exceeding $50. The penalties imposed by this ordinance are pecuniary alone, and neither of them exceeds the limit fixed by the act. No adjudication upon the point raised by this objection was cited in the argument, or has been discovered by me. In the case of *Butchers' Co.* v. *Bulloch*, 3 *Bos. & Pul.* 434, a similar gradation of penalties was imposed under an act empowering a trade corporation to impose penalties for breach of its by-laws. The case was strongly contested, but no objection on this ground was made. I am unable to perceive any reason why a municipal corporation may not, under such a power, distinguish between a first and a second offence of this character, and mark that distinction by a gradation of the penalty, provided the penalty in no case exceeds that authorized to be imposed.

The next objection relates to the manner in which the ordinance was adopted by the common council.

By section 8 of the charter, it is provided that no ordinance shall be passed unless the same shall have been introduced before the council at a previous meeting. By section 7, it is provided that special meetings of the council may be called

Staats v. Washington.

by the mayor or by any three members by giving such notice as the by-laws may require.

The ordinance returned does not indicate when it was introduced or adopted. The return, however, contains the minutes of a meeting of council on December 11th, 1882, and these minutes show that the ordinance was then introduced. That meeting, according to the minutes, adjourned without day. The return also contains the minutes of a meeting on December 26th, 1882.. That meeting is called in the minutes a special meeting, and is said to have been called by three members. The call is set out in the minutes and shows that one of the announced purposes of the meeting was the passage of this ordinance. Out of six members, five attended this meeting and voted for the ordinance, which was then adopted.

It is now insisted that there is no proof that this meeting was convened in compliance with the charter and by-laws, or that proper notice was given thereof.

The *certiorari* did not call for the by-laws nor have they been put in evidence. There has been no proof of the service of the call. But in the return there is a certificate of one of the members of council appended to the minutes, certifying to a service of the call on every member who did not sign it before two o'clock of the day of meeting, the meeting being called for eight o'clock in the evening.

The objection now made assumes that under these circumstances, it was the duty of defendant to establish by proof the regularity of this special meeting. That assumption is, in my judgment, erroneous. Power to hold a special meeting on the call of three members was given by the charter. The ordinance need not contain any assertion of the regularity of the steps by which it became law. If it was alone brought up by this writ, such regularity would be presumed. And when the minutes of such a special meeting are brought up, they are not required to contain the proofs that the meeting was regularly called. If it purports so to be, it will be presumed to be regularly called. It will not devolve on the corporation to establish its regularity till there is some proof of irregularity.

The power to hold special meetings would be of little avail if the corporation is compelled to such proof to sustain any act there done. In the case of *Chosen Freeholders* v. *State*, 4 *Zab.* 718, it was held by the Court of Errors that a resolution brought up by *certiorari*, and purporting to have been passed at an adjourned meeting, will be presumed to have been passed at a regularly adjourned meeting. In like manner, this ordinance, purporting by these minutes to have been adopted at a special meeting called by three members, will be presumed to have been adopted at a meeting so called, and with such notice as was requisite. If the certificate be considered, I think it must be taken to be a certificate of compliance with the by-laws.

This case does not come within the rule imposing on defendant the duty of supplying by proof matters omitted from the proceedings returned essential to their validity and required to appear therein: *McCarthy* v. *Jersey City*, 15 *Vroom* 136 ; *State* v. *Trenton*, 7 *Vroom* 499. Here the record contains all that it could contain on the subject, for the minutes certify the meeting to have been a special meeting.

Under this objection, it is further insisted that this ordinance could not lawfully be adopted at a special meeting. The charter prescribes no limit in respect to the business capable of being done at a special meeting. The only requirement for the passage of an ordinance is that it shall have been introduced at a previous meeting. If so introduced, there is nothing to prevent its being adopted at any subsequent meeting, whether stated or special.

A further objection is based on the fact that the ordinance authorizes the penalty for its violation to be collected by proceedings before the mayor of the borough. The language, in fact, is "on conviction thereof before the mayor or any justice of the peace of this borough, shall forfeit," &c.

The provisions of the charter respecting the mode of imposing penalties for the violation of ordinances are contained in section 8 and are somewhat peculiar. The penalty of imprisonment is authorized to be imposed by the mayor or jus-

tice of the peace of the borough, and the proceeding is obviously to be a summary one, commenced by warrant.

The pecuniary penalty, though called a fine, is expressly made recoverable, with costs, in an action of debt, in the name of the treasurer, before any justice of the peace residing in the county of Warren, and in the action the plaintiff may declare generally in debt for the penalty, &c. This proceeding is quite as obviously an ordinary action of debt in a justice's court, (*Greely* v. *Passaic*, 13 *Vroom* 429,) and cannot be authorized to be brought before the mayor.

The ordinance in question imposes only a pecuniary penalty. It may therefore lawfully authorize such penalty to be collected in an action of debt before a justice of the peace of that county. It does authorize the penalty to be collected by such action, for although the words " on conviction thereof " are appropriate to a summary proceeding, they are doubtless here used in the sense of judgment for the violation of the ordinance. The ordinance clearly is erroneous in giving authority to take the proceeding to collect the penalty before the mayor. But this error does not invalidate the whole ordinance. There is no failure to provide a lawful mode of enforcing the penalty by proceeding before a justice of the peace. This mode of procedure is within the charter, and the ordinance will not fail because there is annexed a separable illegal mode of procedure. If a part of a by-law be void, other essential and connected parts are also void. *State, Chamberlain, pros.*, v. *Hoboken*, 9 *Vroom* 110. But where that part which is bad is independent and not essentially connected with the remainder, the latter will stand. *Dill. on Mun. Corp.*, § 354, *and cases*.

The objection that the provision for enforcing this penalty is defective because it does not provide for a trial by jury, has been disposed of by the adjudication on that subject in *Greely* v. *Passaic, supra*, holding that in such an action as is provided by this act a jury may be demanded.

The conclusion is that none of these objections require us to disturb the ordinance and proceedings under review, and they should be affirmed.